SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be AFFIRMED.
Plaintiffs-appellants Jeremy Phillips (“Phillips”) and Kelly Chadwick, each in their individual capacity and as parent and natural guardian of Courtney Phillips and Shelby Phillips, appeal from an order granting summaiy judgment for defendants-appellees New York State Troopers Matthew Zell and Eric Leonard, Distinct Attorney Pati'icia DeAngelis, Assistant District Attorneys Joseph Aheam and William Roberts, and John Doe, an unidentified employee of the District Attorney’s Office (jointly, “defendants”) in plaintiffs’ action under 42 U.S.C. § 1983, arising from the arrest and prosecution of Phillips for larceny. We assume the parties’ familiarity vith the underlying facts, the procedural history, and the issues on appeal.
Plaintiffs pursue only their claim for malicious prosecution against Trooper Zell on appeal, arguing that the Distinct Court should not have granted summary judgment for defendant because there was no probable cause to arrest Phillips. Specifically, plaintiffs contend that the District Court erred in (1) failing to draw all reasonable inferences in favor of the non-moving party by making a factual finding in favor of defendants that was unsupported by the evidence and (2) finding that probable cause existed despite the “absence of a nexus between the plaintiff ... and the alleged crime.” Appellant’s Br. at 11.
We review de novo a district court’s grant of summary judgment. See, e.g., Fay v. Oxford Health Plan, 287 F.3d 96, 103 (2d Cir.2002). A reviewing court is “required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable *895 inferences in favor of that party, and to eschew credibility assessments.” Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 122 (2d Cir.2004) (internal quotation marks omitted).
We agree with the District Court that “[i]n light of the totality of the evidence, Zell had a sufficient basis of probable cause to initiate the prosecution.” Phillips v. DeAngelis, 571 F.Supp.2d 347, 355 (N.D.N.Y.2008). We also agree with the District Court’s holding, uncontested by plaintiffs, that “even if the plaintiffs made out a prima facie case of malicious prosecution ... defendants would be entitled to the defense of qualified immunity.” Id. at 356. “[(Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as them conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Kerman v. City of New York, 374 F.3d 93, 108 (2d Cir.2004) (internal quotation marks omitted). As the District Court held, “Zell’s belief that he was not violating Phillips’s clearly established constitutional right was objectively reasonable even if there was no probable cause to prosecute.” Phillips, 571 F.Supp.2d at 356.

CONCLUSION

Substantially for the reasons stated in the District Court’s thorough and careful opinion, the judgment of the District Court is AFFIRMED.